### 5150. BARKSDALE v. JONES.

WADE, J. The burden of sustaining the traverse to the garnishee's answer, which rested on the plaintiff, was not successfully carried by deductions unauthorized by the facts stated. Where a witness testified that he did work of the aggregate value of $14.45 for another person, who paid him $119, and that this left that person owing him $50.45, without more, the status of the mutual account between the parties as established by this evidence would not authorize a verdict for any amount against the person paying the $119. If there had been evidence of a contract for work, in payment upon which the apparent overplus was applicable, the verdict might be supported.

*Judgment reversed. Roan, J., absent.*
DECIDED AUGUST 22, 1914.

Certiorari; from Bibb superior court—Judge Mathews. July 25, 1913.

Summons of garnishment, based on a judgment for $15 against David Grant, was served on Mrs. Barksdale. Her answer denying indebtedness was traversed, and, on the trial of the case in a justice's court, the defendant in fi. fa. testified: "Mrs. Barksdale owes me $50.45. What she owes this to me for is for some building work that I had done for her. She got me to fix up some houses. I ceiled part of a house, for which she agreed to pay me $10, and I also did some other odd jobs about the house, for which she was to pay me $4.45. She has paid me $119, and this leaves her owing me $50.45." There was no further testimony. The jury rendered a verdict finding that the garnishee was indebted to the defendant $50.45. She sued out certiorari, the judge of the superior court overruled the certiorari, and she excepted to that judgment.

Citations by counsel: *Herrington* v. *Shumate Razor Co.*, 6 *Ga. App.* 861, 864; *Eastlick* v. *Sou. Ry. Co.*, 116 *Ga.* 48; *Suttles* v. *Sewell*, 117 *Ga.* 214; *Bradley* v. *State*, 121 *Ga.* 201 (2) ; *Hanjaras* v. *Atlanta*, 6 *Ga. App.* 575.

*Mallary & Wimberly*, for plaintiff in error. *R. D. Feagin*, contra.